UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSAIC WEALTH INC., <br> Plaintiff, <br> v. <br> MICHAEL RICCI, <br> Defendant. | Case No. 25-cv-06906-AMO <br><br> **ORDER RE MOTION FOR TEMPORARY RESTRAINING ORDER** <br><br> Re: Dkt. No. 5 |

On August 15, 2025, Plaintiff Osaic Wealth, Inc. ("Osaic") filed an ex parte motion for temporary restraining order ("TRO") seeking to enjoin Defendant Michael Ricci from pursuing his claims against Osaic asserted in the FINRA Arbitration captioned *Michael Ricci, individually and as Trustee of the Michelli Stephano Living Trust DTD 12/31/01 vs. Osaic Wealth, Inc. (Crd# 23131), GWN Securities Inc. (Crd# 128929), and Christian McDonald Ramsey (Crd# 3038410)*, FINRA No. 25-01211 (the "FINRA Arbitration"). *See* ECF 5. Having reviewed the ex parte application filed by Plaintiff and the arguments made therein, as well as the relevant legal authority, the Court finds the motion appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Civil L.R. 7-6. The Court **DENIES** Osaic's ex parte application.

A temporary restraining order is "an 'extraordinary and drastic remedy,' that is never awarded as of right." *Epic Games, Inc. v. Apple Inc.*, 493 F. Supp. 3d 817, 831 (N.D. Cal. 2020) (citing *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008)). For a court to issue such extraordinary relief, a plaintiff must establish (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm absent injunctive relief, (3) that the balance of equities tips in plaintiff's favor, and (4) that the public interest favors injunctive relief. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). A plaintiff bears the burden of demonstrating they meet all four of these factors.

*DISH Network Corp. v. F.C.C.*, 653 F.3d 771, 776 (9th Cir. 2011).  "A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief." *Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988).  Indeed, a plaintiff seeking the issuance of an ex parte TRO must satisfy Federal Rule of Civil Procedure 65(b), which requires a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and certification of "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).  Because Osaic has failed to carry its burden to show a likelihood of immediate irreparable harm, the other factors need not be analyzed.

Here, Osaic asserts that "a TRO is necessary by 5:00 p.m. PT on August 20, 2025 to prevent immediate and irreparable harm" in the form of Osaic being compelled to defend itself in the arbitration, noting that Osaic "expects that arbitrator selection in the FINRA Arbitration will occur in the near future." ECF 5 at 2.  Though this Court doubts that an entity's defense of itself in arbitration constitutes irreparable harm, the Court finds Osaic's application deficient based on its failure to demonstrate any immediacy to its threatened injury.  Osaic "expects" arbitrator selection in the near future, but it waited over two months since Ricci's initiation of the FINRA arbitration before filing its motion for preliminary relief on August 15, 2025.[1] *Id.*; Curly Decl., Ex. 1 (FINRA Statement of Claim dated June 11, 2025).  Courts frequently find that "a plaintiff's delay in seeking relief weighs against granting a TRO." *Perez v. City of Petaluma*, No. 21-CV-06190-JST, 2021 WL 3934327, at *1 (N.D. Cal. Aug. 13, 2021) (denying TRO application where plaintiff waited "a full month" after the issuance of the challenged city resolution); *see also Miller ex rel. NLRB v. Cal. Pac. Med. Ctr.*, 991 F.2d 536, 544 (9th Cir. 1993).  Indeed, "[d]elays of one month or more are common grounds for denying motions for temporary restraining orders, and some courts deny emergency relief based on delays of as little as ten days." *Huang v. Small Bus. Admin.*, No. 22-CV-03363-BLF, 2022 WL 3017521, at *3 (N.D. Cal. July 29, 2022) (collecting

---

[1] Moreover, Osaic fails to provide any support or context for its expectation, and Osaic fails to acknowledge when it first became aware of the FINRA arbitration.

cases). Osaic's unexplained delay in seeking extraordinary relief undermines its claim that it will suffer irreparable harm in the absence of a TRO.

Therefore, the Court **DENIES** Osaic's ex parte application for a TRO without prejudice to filing a noticed motion for preliminary injunction.

**IT IS SO ORDERED.**

Dated: August 18, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**